*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JANAYA SCHARELL TERRY,

        Defendant-Appellant.

UNPUBLISHED
July 14, 2026
1:37 PM

No. 374539
Ingham Circuit Court
LC No. 23-000966-FH

Before: RICK, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Janaya Scharell Terry (hereinafter defendant) appeals as of right her conviction by jury of aggravated stalking under MCL 750.411i(2)(a) (stalking in violation of a restraining order). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Defendant and the complainant were both romantically involved with the same individual at different times. Subsequently, defendant engaged in a pattern of conduct whereby she repeatedly telephoned the complainant and appeared, without invitation or lawful purpose, at the complainant's place of employment. In response to these actions, the complainant sought and obtained a Personal Protection Order (PPO) against defendant pursuant to MCL 600.2950, which remained in effect at all times relevant to the events described herein.

Several months later, while the PPO remained in effect, defendant initiated a barrage of communications directed at the complainant over the course of a single day. Specifically, defendant placed more than ten telephone calls to the complainant, disseminated multiple posts referencing the complainant across various social media platforms, and transmitted numerous text messages to the complainant. The content of these communications was uniform in its menacing tone, including explicit threats to physically assault the complainant, damage her property by slashing her automobile tires, and shatter her vehicle windows. In the early morning hours following this course of conduct, the complainant contacted law enforcement, providing electronic mail correspondence containing screenshots of the threatening messages and social media posts,

as well as an audio recording of a telephone conversation with defendant. As a result of this conduct, defendant was subsequently charged with aggravated stalking in violation of MCL 750.411i.

During trial proceedings, the prosecution introduced into evidence the aforementioned text messages and social media posts, along with other evidence establishing defendant's connection to the telephone calls made to the complainant. Defense counsel objected to the admission of the text messages and social media posts on grounds of inadequate authentication, contending that the exhibits consisted of screenshots and that the complainant lacked sufficient personal knowledge to attribute authorship of the messages and posts to defendant. The trial court overruled these objections, determining that the complainant's testimony regarding her familiarity with defendant's voice on the telephone calls, and the consistency in language between defendant's social media activity and the text messages received by the complainant, satisfied the authentication requirements under MRE 901. The jury returned a verdict of guilty as to the charge of aggravated stalking. Defendant now appeals the conviction.

## II. ANALYSIS

Defendant argues that the evidence supporting her contacting the complainant was insufficient after discounting the evidence that was improperly admitted. Sufficiency of the evidence challenges are subject to de novo review. *People v Xun Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). While engaging in de novo review, this Court reviews the issue without deference to the lower court. *People v Bruner*, 501 Mich 220, 226; 912 NW2d 514 (2018). When doing so, "this Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *Xun Wang*, 505 Mich at 251.

First, defendant's argument concerning the authentication of the evidence is misplaced. As stated in MRE 901(b), evidence can be authenticated by the testimony of a witness who knows that the evidence is what it is claimed to be. Further, a voice can be authenticated by the testimony of a person who has heard the voice before. MRE 901(b)(5). In this case, the complainant testified about her connection with the evidence and why she believed that the communications were coming from defendant. Additionally, the authenticity of the evidence is not a foundation upon which the *sufficiency* of the evidence can be challenged. See *McDaniel v Brown*, 558 US 120, 131; 130 S Ct 665; 175 L Ed 2d 582 (2010) (holding that "a reviewing court must consider all of the evidence admitted by the trial court, regardless of whether that evidence was admitted erroneously." (quotation marks and citations omitted).

Next, addressing defendant's argument that the evidence was insufficient, "[a] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Baskerville*, 333 Mich App 276, 282-283; 963 NW2d 620 (2020) (quotation marks and citation omitted). "All conflicting evidence, and any reasonable inferences that may be drawn from that evidence, must be resolved in favor of the prosecution." *Id.* at 283. This applies to evidence regardless of whether it is direct or circumstantial. *People v Ventour*, 349 Mich App 417, 429; 27 NW3d 660 (2023). "Absent exceptional circumstances, issues of witness credibility are for the trier of fact." *People v Anderson*, 341 Mich App 272, 277; 989 NW2d 832 (2022) (quotation marks and citation omitted).

Defendant was found guilty of aggravated stalking under MCL 750.411i which provides

 (1) As used in this section:

 (a) "Course of conduct" means a pattern of conduct composed of a series of 2 or more separate noncontinuous acts evidencing a continuity of purpose.

*   *   *

 (d) "Harassment" means conduct directed toward a victim that includes, but is not limited to, repeated or continuing unconsented contact that would cause a reasonable individual to suffer emotional distress and that actually causes the victim to suffer emotional distress. Harassment does not include constitutionally protected activity or conduct that serves a legitimate purpose.

 (e) "Stalking" means a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

 (f) "Unconsented contact" means any contact with another individual that is initiated or continued without that individual's consent or in disregard of that individual's expressed desire that the contact be avoided or discontinued. Unconsented contact includes, but is not limited to, any of the following:

*   *   *

(v) Contacting that individual by telephone.

(vi) Sending mail or electronic communications to that individual.

 (2) An individual who engages in stalking is guilty of aggravated stalking if the violation involves any of the following circumstances:

  (a) At least 1 of the actions constituting the offense is in violation of a restraining order and the individual has received actual notice of that restraining order or at least 1 of the actions is in violation of an injunction or preliminary injunction.

Viewed through the lens of the standards applicable to appellate review, the evidence adduced at trial was more than sufficient to permit a rational trier of fact to conclude that defendant engaged in multiple, discrete acts of unconsented contact with the complainant, thus satisfying the statutory elements of aggravated stalking. *Xun Wang*, 505 Mich at 251. The prosecution introduced, and the jury duly considered extensive testimonial and documentary evidence, including the complainant's detailed account of receiving numerous text messages from a phone number she credibly attributed to defendant. These text messages, authenticated via the complainant's testimony and corroborated by the content's consistency with defendant's known social media activity, were admitted as exhibits. The complainant further described receiving multiple telephone calls, and she identified the caller as defendant based on her prior familiarity with defendant's voice, consistent with authentication standards set forth in MRE 901(b)(5). The record also reflects that the jury was presented with social media posts authored by defendant, explicitly referencing the complainant by name and soliciting others to communicate threatening intentions to the complainant. The probative value of this evidence is further underscored by the complainant's testimony that she was, in fact, contacted by third parties as a direct result of

defendant's public posts. Taken collectively and viewed in the light most favorable to the prosecution, this body of evidence amply supports the jury's finding that defendant's conduct constituted a willful pattern of repeated, unconsented, and menacing contact, in violation of MCL 750.411i.

The evidentiary record, including both documentary and testimonial proof of text messages and telephone calls received by the complainant, establishes repeated, unconsented contact as defined by MCL 750.411i(1)(a) and (2)(f)(v). Each instance of contact was initiated without the complainant's consent and in violation of the express terms of the PPO, which remained in effect throughout the relevant time period. The complainant's testimony, coupled with corroborating evidence such as authenticated screenshots and audio recordings, demonstrates that defendant persisted in contacting the complainant via telephone and electronic communications, thereby disregarding the complainant's stated desire for such contact to cease. This course of conduct satisfies the statutory requirement of a pattern evidencing continuity of purpose. See *People v White*, 212 Mich App 298, 308; 536 NW2d 876 (1995). In addition, defendant's social media posts, which identified the complainant by name and prompted third parties to contact her, constitute "electronic communications" under MCL 750.411i(2)(f)(vi). The complainant's testimony regarding receipt of these third-party communications further confirms that defendant's actions resulted in repeated, unconsented contacts. Based on the evidence presented, viewed in the light most favorable to the prosecution, we conclude that the statutory elements of aggravated stalking were proven beyond a reasonable doubt and the jury's verdict is fully supported by the record.

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Stephen L. Borrello